216 A.2d 366.

## Joseph R. Strauss *vs.* Richard West.

JANUARY 24, 1966.

Present: Roberts, C. J., Paolino, Powers and Joslin, JJ.

Powers, J. This is an action of assumpsit to recover the agreed consideration for the sale of a race horse which, after delivery, the defendant rejected for an alleged breach of warranty. The case was tried to a superior court justice, sitting without a jury, and resulted in a decision for the plaintiff. It is before us on the defendant's exceptions to the decision and to an evidentiary ruling.

The uncontradicted evidence discloses that plaintiff was the owner of a race horse stabled at Belmont Park, a race track located in New York, when on April 27, 1962 it was purchased by defendant and at the latter's request was shipped over the road for delivery at Suffolk Downs in Massachusetts.

On the day of the sale defendant was accompanied by John D. Canzano, a professional horse trainer with twenty-

three years' experience, who assisted him in negotiating the purchase. The horse was shown to them by Lawrence Gieger, a public horse trainer who was acting as agent for plaintiff. Mr. Gieger refused to have the horse galloped for the reason that it had raced the previous day, but he assured defendant and his agent that the horse was sound. The horse was brought from the stable, walked in the presence of defendant and his trainer, and examined by the latter who found nothing wrong with the animal.

The plaintiff's agent accepted defendant's check in the sum of $1,800 payable to plaintiff, whereupon the parties agreed title passed to defendant.

Thereafter, pursuant to defendant's request, plaintiff's trainer made arrangements to ship the horse by motor van which left on the evening of April 28, 1962 and arrived at Suffolk Downs, a distance of some 215 miles, about six o'clock the following morning.

The defendant's trainer testified that within an hour and a half after the horse arrived, he had it saddled and mounted to observe how it galloped, and that when it started to gallop it almost fell down. After some adjustments another attempt was made but again, after a shorter gallop, the horse almost fell.

He further testified that he then examined the horse's front legs and found a bowed tendon in the left leg, and that on April 29 and April 30 he made seven or eight telephone calls to New York in an unsuccessful effort to speak to the trainer Gieger. Thereupon on May 1, 1962, defendant stopped payment on the check and on May 3, trainer Canzano shipped the horse back to New York.

The plaintiff's trainer testified that there were several possible ways by which a horse might sustain a bowed tendon and included traveling in a van for a considerable distance as one of them.

The trial justice found as a fact that the horse was sound

at the time it was purchased and rendered decision for plaintiff in the sum of $1,800 with interest.

In support of his exception to the decision, defendant argues that the case is controlled by the provisions of the Uniform Commercial Code, G. L. 1956, §§6A-2-313, 6A-2-513 and 6A-2-601. These sections set forth the conditions on which a warranty is established, the buyer's right to inspect and his right to reject for breach of warranty, respectively.

He contends that the facts in the instant case disclose an express warranty, an inspection of the horse on delivery, and rejection thereof within a reasonable time after it was discovered that the horse was not sound as warranted. In support of this contention he cites several Rhode Island cases. These are of no assistance to defendant, however, for the facts on which they rest are not present here.

Here the trial justice found that the horse was sound as warranted when purchased by defendant and delivered to him in New York. That it was found to have a bowed tendon subsequent to delivery was immaterial. There was no breach of warranty, if the trial justice's finding that the horse was sound when purchased can be supported by the evidence on which such finding was made. It is well settled that the findings of a trial justice sitting without a jury are given great weight and will not be disturbed unless he has misconceived or overlooked material evidence in making them. *Caldarone* v. *State*, 98 R. I. 7, 199 A.2d 303, and *Dupraw* v. *Dupraw*, 69 R. I. 144.

The question before us then is whether in making the finding of fact on which his decision is predicated, the trial justice misconceived or overlooked material evidence. We have carefully reviewed the record before us and conclude that he did not. It becomes readily apparent that the trial justice gave great weight to the testimony of plaintiff's trainer as to the condition of the horse at the time of the sale. Further, he emphasized with particularity his im-

pression of defendant's trainer's skill and manifestly concluded that if a bowed tendon were present at the time Canzano examined the horse at Belmont Park, he would have discovered it. The defendant's exception to the decision therefore is without merit.

Nor was the defendant prejudiced by the trial justice's exclusion of certain testimony sought to be elicited from trainer Canzano. He was asked, "Would you say, Mr. Canzano, that a horse with a bowed tendon is in good condition?" The plaintiff objected and was sustained by the trial justice, whereupon the defendant made an offer of proof. Conceding that the witness would have answered in the negative, it would not have assisted the defendant for the reason that the trial justice impliedly found that the bowed tendon, subsequently discovered by Canzano after attempting to gallop the horse at Suffolk Downs, was a condition which arose after the horse had become the property of the defendant.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Ralph Rotondo, Joseph A. Bevilacqua*, for plaintiff.

*Albert Lisker*, for defendant.